

NUMBER 13-11-00645-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TIWANNA LEGER,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

# MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

Appellant Tiwanna Leger appeals from her conviction for the offense of securing

execution of a document by deception.  *See* TEX. PENAL CODE ANN. § 32.46(a), (b)(4)

(West Supp. 2011).  Leger pleaded guilty to the offense, but the trial court deferred

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

adjudication and placed Leger on community supervision for a term of two years and assessed restitution in the amount of $2,455.00. After Leger pleaded true to allegations that she violated conditions of probation, the trial court revoked her community supervision, adjudicated her guilty, and sentenced her to two years' confinement in state jail. Leger appeals from this judgment.

Determining that there are no meritorious claims for appeal, counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. Background

On November 17, 2011, Leger's appointed counsel filed an *Anders* brief and a motion to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). In response, the State filed a brief directing this Court to a "sole error" in the judgment. After determining that there was at least one arguable ground on appeal with regard to this case—that the trial court erred in ordering Leger to reimburse attorney's fees because there was no evidence to demonstrate Leger's financial resources to offset the costs of the legal services, *see Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010)—we abated the appeal and remanded the cause to the trial court for appointment of new counsel. *See Penson v. Ohio*, 488 U.S. 75, 84-85 (1988); *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

On April 17, 2012, the trial court issued a judgment nunc pro tunc adjudicating guilt and deleting the reimbursement of attorney's fees as originally assessed. Thereafter, the trial court issued an amended order removing Leger's former counsel and appointing new appellate counsel.

2

## II. Compliance with *Anders*

On June 06, 2012, pursuant to *Anders,* Leger's newly appointed counsel filed a brief and a motion to withdraw with this Court stating that he diligently reviewed the entire appellate record and that, in his opinion, there are no meritorious issues for appeal.[2] *See* 386 U.S. at 744-45. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Leger's counsel has carefully discussed why, under controlling authority, an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error and, in his opinion, there are no grounds upon which an appeal can be predicated. Counsel specifically noted, from his review of the following, that he found no issues presented for review after the judgment was corrected to delete the assessment of attorney's fees: (1) the pre-indictment/grand jury proceedings; (2) the sufficiency of the indictment; (3) pretrial motions; (4) the arraignment; (5) competency; (6) the charge and its consequences; (7) the factual basis for the plea; (8) admonishments

---

[2] The State has informed this Court that, after reading appellant's brief, it would stand by its original brief.

3

given regarding a plea withdrawal; (9) allocution; (10) sentencing; and (11) the right to appeal. Counsel has demonstrated that he has complied with the requirements of *Anders* by (1) examining the record and finding no arguable grounds to advance on appeal, (2) serving a copy of the brief and motion to withdraw on Leger, and (3) informing Leger of her right to review the record and to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate time has passed, and Leger has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

### III. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *Penson*, 488 U.S. at 80. We have reviewed the entire record and counsel's brief filed on June 6, 2012, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### IV. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from

4

representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw that was carried with the case on June 14, 2012. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Leger and to advise Leger of her right to pursue a petition for review.[3]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## V.  CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of July, 2012.

---

[3] No substitute counsel will be appointed.  Should Leger wish to seek review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  S*ee* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See* TEX. R. APP. P. 68.4.